UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IVETTE JIMENEZ-CARRILLO,   CASE NO.:_____

STATE COURT CASE NO.: 11-41282 CA 15

   Plaintiff,
v.

AUTOPART INTERNATIONAL, INC.,
& ARI FLEET LT,

   Defendants.
_____/

## NOTICE OF REMOVAL

 PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Autopart International, Inc. ("Autopart") and ARI Fleet, LT (ARI") (collectively "Defendants") hereby file this Notice of Removal from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. The grounds for removal are as follows:

### THE REMOVED CASE

 1. This civil action was commenced by Ivette Jimenez-Carrillo ("Jimenez") against Defendants in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on December 12, 2012. Autopart's registered agent was served with process on December 16, 2011. ARI's registered agent was served with process on December 16, 2011. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

 2. Jimenez alleges that she was injured in a motor vehicle accident on December 14,

2010 when her car was struck from behind by a "Blue 2008 Chevy" owned by ARI and leased to Autopart.  See Complaint ¶¶ 11 – 13.  Jimenez further alleges that the driver of the Blue 2008 Chevy "grabbed Ms. Jimenez's shirt collar through her vehicle, shook her, and then returned to The Chevy and drove away from the scene." See Complaint ¶ 18.

## PAPERS FROM REMOVED ACTION

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached collectively as **Exhibit A**.

## THE REMOVAL IS TIMELY

4. Both Autopart and ARI were served with the summons and complaint on December 16, 2012.  Jimenez made no specific demand for relief in her complaint other than to allege that her damages exceeded $15,000.00.  Complaint ¶ 1.  The case stated by the initial pleading, therefore, was not removable.  Jimenez' attorney, however, made a written demand to settle for $87,500.00 on April 20, 2012 (**Exhibit B**).  Therefore, this Notice of Removal is timely filed within 30 days "of receipt by the defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3).  Further, this Notice of Removal is timely filed within one year of commencement of the action pursuant to 28 U.S.C. § 1446(c)(1) .

## THE VENUE REQUIREMENT IS MET

5. Venue of this removal is proper under 28 U.S.C. § 1441(a) to the Southern District of Florida because the Circuit Court of the Eleventh Judicial Circuit of Miami-Dade County, Florida is within the Southern District of Florida.

**DIVERSITY OF CITIZENSHIP EXISTS**

6.     This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.  There is complete diversity of citizenship and no properly joined and served defendant is a citizen of Florida.

7.     Jimenez is, and was at the time this action was filed, a citizen of the State of Florida. See Complaint ¶ 2.  It is well settled that for diversity purposes, a person is considered a citizen of the state where that person is domiciled.  McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Lazo v. U.S. Airways, Inc., 2008 WL 3926430, at *5 (S.D. Fla. August 21, 2008); Stirzaker v. Howard, 2001 WL 1090198, *1 (M.D. Fla. August 30, 2001).  A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.  Turner v. Pennsylvania Lumbermen's Mutual Fire Insurance Company, 2007 WL 3104930, at *4 (M.D. Fla. October 22, 2007).   A party's residence is prima facie evidence of a party's domicile.  Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009).

8.     Jimenez' supplemental answers to interrogatories show that she is, and was at the time of filing this action, a Florida citizen maintaining a Florida residence address since at least 2002.  See **Exhibit C**. The December 14, 2010 Department of Highway Safety and Motor Vehicles Florida Traffic Crash Report for the subject incident shows that Jimenez holds a Florida driver's license.  Accordingly, Jimenez is, and was at the time of filing this action, a Florida citizen for purposes of determining diversity of citizenship.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757-60 (11th Cir. 2010) (a defendant removing within 30 days of service may provide the basis for removal, including information outside the complaint, without relying

solely upon information from the plaintiff).

9. Autopart, at the time this action was filed was and currently is incorporated under the laws of Massachusetts with its principal place of business in Norton, Massachusetts. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State in which it has its principal place of business."[1] Accordingly, Autopart is a citizen of Massachusetts for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

10. ARI is, and was at the time this action was filed, a Delaware statutory trust. The trustees of ARI are citizens of Delaware and New Jersey. Accordingly, ARI is a citizen of Delaware and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).[2]

11. Because the Defendants are citizens of Massachusetts, Delaware and New Jersey and Jimenez is a Florida citizen, complete diversity of citizenship exists. See 28 U.S.C. § 1332; see generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

### THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

12. Where, as here, the jurisdictional amount is not alleged in the complaint, the Court may consider the removal notice and documents concerning the amount in controversy. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable

---

[1] See Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, at *2 ("Defendant has adequately pled citizenship of a well-known corporation and Plaintiffs fail to deny or give any reason to raise any doubt regarding the accuracy of Defendant's allegations. ")

[2] For diversity of citizenship purposes, a trust is a citizen of each state in which it has at least one beneficial owner. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337-39 (11th Cir.2002) (affirming that a Massachusetts business trust is treated as a citizen of each state in which one of its shareholders is a citizen).

extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

13. Here, Jimenez alleges a variety of damages in her complaint including property damage and permanent physical injuries. See Complaint ¶¶ 24, 30.  One of Jimenez' physicians diagnosed her with severe traumatic cervical myositis and severe traumatic lumbar myositis.  For motor weakness, pain, discomfort, spasms, cervical disc bulges and impaired mobility, he assigned Jimenez a 5% final impairment to the body as a whole.  See **Exhibit D**.  Jimenez claims to have already incurred $15,835.00 in medical expenses in her supplemental answers to interrogatories.  See **Exhibit C**

14. Jimenez' attorney demanded $87,500.00 to settle this case last week.  The Court may consider a settlement demand when ruling on whether a case has been properly removed. La Rocca v. Stahlheber, 676 F. Supp.2d 1347, 1349 n.3 (S.D. Fla. 2009); Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, at *4 ("[T]he Court is persuaded that the presuit demand package reflects an honest assessment of damages by Plaintiffs because it is based on medical records provided by the Plaintiff. . . . [E]ven if this Court were to exclude the future medical expenses as speculative, the other damages such as pain and suffering that are being sought by Plaintiffs, if proven, together with the medical costs already incurred by Plaintiffs, support a finding that the jurisdictional amount in controversy has been met."); Rollo v. Keim, 2009 WL 1684612, at *3 (N.D. Fla. 2009) (letter estimating value of plaintiffs' claims at $200,000; special damages, together with the likelihood of general damages when such specials are proven, supported $75,000 amount in controversy requirement); Pate v. State Farm Mut. Auto. Ins. Co., 2010 WL 3372195, at *2 (N.D. Fla. 2010) (settlement letter demanding $100,000 to settle considered by

court in evaluating the amount in controversy.); see AAA Abachman Enterprises, Inc. v. Stanley Steemer International, Inc., 268 Fed. Appx. 864 (11th Cir. 2008) (demand letter that sought hundreds of thousands of dollars satisfied amount in controversy requirement where plaintiff "had the opportunity to submit evidence that the claim's value was $75,000 or less in conjunction with its motion for remand to state court but did not do so.")[3]

15.     Therefore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, see Pretka, 608 F.3d at 757-60, and Defendants have sufficiently alleged the basis for diversity jurisdiction at the notice-of-removal stage as allowed within the Eleventh Circuit. See id. at 754, 772 (reversing the trial court's holding that "a removing defendant [must] submit all of its jurisdiction-supporting evidence before the plaintiff files a motion to remand" and holding that a removing defendant may allege the facts establishing jurisdiction and later "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations") (emphasis in original);[4] see generally Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1295 (11th Cir. 2009)

---

[3] See also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability."); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir.2002) (A plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

[4] See also Bay Village of Sarasota, Inc. v. Sunday, No. 8:11-cv-1594-T-30TGW, 2011 WL 3516123, at *2 (M.D. Fla. Aug. 11, 2011) (court must consider "evidence submitted in response to a motion to remand"); Sparkman v. State Farm Auto. Ins. Co., No. 3:11-cv-123-J-37TEM, 2011 WL 3269462, at *3 (M.D. Fla. Aug. 1, 2011) (removing defendant may "effectively cure[] any defects by filing additional evidence with its response to motion to remand"); Shaver v. Ford Motor Co., 768 F. Supp. 2d 1235, 1236-37 (S.D. Fla. 2011) (defendant "is permitted to submit post-removal evidence regarding the amount in controversy" and denying remand based upon defendant's affidavit "attached to its response to the motion to remand" that established the amount in controversy at the time of removal).

(holding that "the failure to allege facts sufficient to establish subject matter jurisdiction in a notice of removal is a defect in the removal procedure . . . and consequently, the district court cannot *sua sponte* remand" the case as long as the removing party pleads the general basis for diversity jurisdiction).[5]

16.     Thus, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Florida; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**FILING OF REMOVAL PAPERS**

17.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court of the Eleventh Judicial Court in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendants Autopart International, Inc. and ARI Fleet, LT hereby remove the above-captioned action from the Circuit Court in and for Miami-Dade County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

/s/ Emmet J. Schwartzman
CARLTON FIELDS, P.A.

---

[5] Warming Tree Serv., Inc. v. BellSouth Adver. & Publ'g Corp., No. 3:09-cv-124-J-32MCR, 2009 WL 2869317, at *2 n.3 (M.D. Fla. Sept. 1, 2009) (court must "allow parties opportunity to cure defective allegations of jurisdiction" and cannot sua sponte remand without doing so); Investorhub.com, Inc. v. Zecevic, No. 09-60060-CIV, 2009 WL 1140039, at *2 (S.D. Fla. Apr. 28, 2009) (when "the notice of removal fails to set forth the [c]ourt's jurisdiction properly . . . the Eleventh Circuit has held . . . that the removing party must have an opportunity to cure the defect" without a sua sponte remand).

        Emmet J. Schwartzman
        Florida Bar No. 710490
        Attorneys for Autopart International , Inc. and ARI Fleet, LLC
        Miami Tower, Suite 4200
        100 SE Second Street
        Miami, FL 33131-9101
        Telephone:    (305) 530-0050
        Facsimile:    (305) 530-0055
        Email:  eschwartzman@carltonfields.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23rd, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ Emmet J. Schwartzman
          Attorney

**SERVICE LIST**
**Jimenez v. Autopart International and ARI Fleet**
**Case No. _____**
**United States District Court, Southern District of Florida**

Marcus J. Susen
Koch, Parafinczuk & Wolf, P.A.
110 E. Broward Boulevard
Suite 1630
Ft. Lauderdale, FL 33301
Phone: (954) 462-6700
Fax: (954) 462-656
E-mail: susen@kpwlaw.com
Attorneys for Plaintiff
Service by CM/ECF

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
IVETTE JIMENEZ-CARRILLO,

## DEFENDANTS
AUTOPART INTERNATIONAL, INC., & ARI FLEET LT

**(b)** County of Residence of First Listed Plaintiff   MIAMI-DADE COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorneys (Firm Name, Address and Telephone Number)
Marcus J. Susen
Koch, Parafinczuk & Wolf, P.A.
110 E. Broward Boulevard, Suite 1630
Ft. Lauderdale, FL 33301
Phone: (954) 462-6700

Attorneys (If Known)
Emmet J. Schwartzman
Carlton Fields, P.A.
100 S.E. Second Street, Suite No. 4200
Miami, FL 33131
Phone: 305.530.0050

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for plaintiff) (For Diversity Cases Only) And One Box For Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | **PERSONAL PROPERTY** |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/ DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation |  | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights |  | ☐ 871 IRS - Third Party 28 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights |  | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Re-filed- (See VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  Appeal to District ☐ 7 Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)
(See instructions second page):
a) Re-filed Case ☐ Yes ☒ No    b) Related Cases ☐ Yes ☒ No
JUDGE_____   DOCKET NUMBER_____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. § 1332; motor vehicle accident and alleged post-accident assault

LENGTH OF TRIAL via days estimated (for both sides to try entire case) Three days

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ - Not specified

Check YES only if demanded in complaint:
**JURY DEMAND** ☒ YES ☐ NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
Emmet J. Schwartzman

DATE
4-23-2012

FOR OFFICE USE ONLY:

AMOUNT_____   RECEIPT #_____   IFP_____